IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-00089-WDM-BNB

DAN YATES,

Plaintiff,

v.

ANGELA ARKIN, in her individual and official capacities,,
DORIS TRUHLAR, an individual,
TRUHLAR AND TRUHLAR, LLC, a Colorado law firm,
ELODE BRODBECK, an individual,
THE CHILD AND FAMILY CENTER, INC., a Colorado corporation,
CLAIRE PURCELL, in her individual and professional capacities, and
LOUISE YATES, an individual,

Defendants.
_____

**ORDER**
_____

This matter is before me on the plaintiff's **Amended Verified Complaint and Jury Demand**, tendered May 2, 2006, and on the following motions filed by the defendants (the "Defendants' Motions"):

(1) **Judge Angela Arkin's Motion to Dismiss all Claims for Lack of Subject Matter Jurisdiction and Failure to State a Claim Upon which Relief can be Granted Incorporating Authorities)**, filed April 6, 2006 (Doc. #13);

(2) **Truhlar Defendants' Motion to Dismiss for Failure to State a Claim**, filed April 18, 2006 (Doc. #40);

(3) **Defendant Claire Purcell's Motion to Dismiss for Failure to State a Claim**, filed April 18, 2006 (Doc. #41);

(4) **Defendants' Elode Brodbeck and Child and Family Center, Inc., Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim Upon which Relief can be Granted**, filed April 27, 2006 (Doc. #48);

(5) **Truhlar Defendants' Partial Joinder in Motions to Dismiss**, filed May 2, 2006 (Doc. #52);

(6) **Defendant Purcell's Partial Joinder in Motions to Dismiss**, filed May 2, 2006 (Doc. #53); and

(7) **Defendant Louise Yates' Joinder in Co-Defendants' Motions to Dismiss Pursuant to Rules 12 and 56**, filed May 3, 2006 (Doc. #55).

The plaintiff filed his initial Complaint on January 19, 2006. On May 3, 2006, he tendered an Amended Verified Complaint and Jury Demand. The Federal Rules of Civil Procedure provide that a complaint may be amended as follows:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party.

Fed.R.Civ.P. 15(a).

A responsive pleading has not yet been served in this case.[1] Therefore, the plaintiff may amend his pleading as a matter of course. Accordingly, the plaintiff's tendered amended complaint is accepted for filing.

The Defendants' Motions to dismiss are no longer directed at the operative complaint. Consequently, the Defendants' Motions are denied without prejudice as moot. The defendants

---

[1] The Defendants' Motions to dismiss are not responsive pleadings. Cooper v. Shumway, 780 F.2d 27, 29 (10th Cir. 1985).

may reassert their arguments, if applicable, in response to the amended complaint.

IT IS ORDERED that the Clerk of the Court is directed to accept for filing the plaintiff's Amended Verified Complaint and Jury Demand, tendered May 2, 2006.

IT IS FURTHER ORDERED that the Defendants' Motions are DENIED WITHOUT PREJUDICE as moot.

Dated May 12, 2006.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge