IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-00089-WDM-BNB

DAN YATES,

Plaintiff,

v.

ANGELA ARKIN, in her individual and official capacities,
MARY J. MULLARKEY, in her official capacity,
DOUGLAS COUNTY, a municipality,
DORIS TRUHLAR, an individual,
TRUHLAR AND TRUHLAR, LLC, a Colorado law firm,
ELODE BRODBECK, an individual,
THE CHILD AND FAMILY CENTER, INC., a Colorado corporation,
CLAIRE PURCELL, in her individual and professional capacities, and
LOUISE YATES, an individual,

Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter is before me pursuant to my Order to Show Cause dated May 19, 2006.  For the following reasons, I respectfully RECOMMEND that this case be DISMISSED WITH PREJUDICE.

By minute order dated April 18, 2006, this case was set for a hearing on the *Motion for Extension of Time to File Designation of Nonparties By Defendants Elode Brodbeck and Child Family Center, Inc.* (the "*Motion re Non-Parties*").  The minute order set the hearing for May 19, 2006, at 8:30 a.m.  Defendants' counsel appeared at that time, but the plaintiff, who is proceeding *pro se*, neither appeared nor contacted the court.

Local rule of practice 41.1, D.C.COLO.LCivR, provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

Accordingly, I ordered the plaintiff to show cause on or before May 30, 2006, why this case should not be dismissed pursuant to D.C.COLO.LCivR 41.1 for lack of prosecution and failure to comply with the order of the court setting the *Motion re Non-Parties* for hearing. I warned the plaintiff that his failure to show cause and/or to respond to the Order to Show Cause would result in a recommendation to the district judge that this case be dismissed.

The plaintiff did not respond to the Order to Show Cause. Instead, on May 31, 2006, the plaintiff filed a document titled *Appeal to Judge Walker D. Miller for Order to Show Cause Why Magistrate Boyd N. Boland Should Continue to Act Outside the Limited Authority Conferred by 28 U.S.C. § 636* (the "*Appeal*"). The *Appeal* does not address the plaintiff's failure to appear at the hearing on May 19, 2006. To the contrary, the plaintiff asserts that I do not have authority under 28 U.S.C. § 636 to issue an Order to Show Cause. *Appeal*, p. 2. Therefore, the plaintiff concludes, my Order to Show Cause is void and he need not take any action to preserve his claims. Id. at p. 3.

The plaintiff's argument is frivolous. Pursuant to 28 U.S.C. § 636(b)(1):

> (A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a

> criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.
>
> (B)  a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

28 U.S.C. § 636(b)(1)(A) and (B).

On January 24, 2006, the district judge signed an *Order of Reference to Magistrate Judge* in which he designated me to conduct the following proceedings in this action: "Hear and determine pretrial matters, including discovery and other nondispositive motions" and "[c]onduct hearings, including evidentiary hearings, and submit proposed findings of fact and recommendations for rulings on dispositive motions."  Therefore, I have authority to issue an order to show cause and to recommend to the district judge that this case be dismissed.[1]

In addition to accusing me of "wrongfully" assuming Article III authority, the plaintiff asserts that "Judge Walker D. Miller's continued failure to rectify Magistrate Boyd N. Boland's jurisdictional excesses creates the presumption of willful maladministration," and that "Judge Walker D. Miller's maladministration and Boyd N. Boland's attempts to coerce operate only to undermine this Court's apparent authority."  *Appeal*, pp. 2-3.

---

[1] The plaintiff argues that local rule 41.1, D.C.COLO.LCivR, empowers only a "judicial officer" to issue an order to show cause and that I am not a "judicial officer."  *Appeal*, p.2.  This argument also is frivolous.  See D.C.COLO.LCivR 1.1F (defining the term judicial officer as referring to "a district judge or to a magistrate judge").

3

The plaintiff's accusations are completely unfounded, and the plaintiff has failed to provide any meaningful response to the Order to Show Cause. Therefore, dismissal is appropriate under local rule 41.1.

In addition to local rule 41.1, the Federal Rules of Civil Procedure authorize sanctions, including dismissal of a case, for failing to comply with court rules or any order of the court. Fed. R. Civ. P. 41(b); see Conkle v. Potter, 352 F.3d 1333, 1337 (10th Cir. 2003); Gripe v. City of Enid, 312 F.3d 1184, 1188 (10th Cir. 2002). Before imposing dismissal as a sanction, however, a district court must evaluate appropriate factors, including the following:

> (1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction.

Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992)(internal quotations and citations omitted). The circuit court also acknowledged in Ehrenhaus that "dismissal represents an extreme sanction appropriate only in cases of willful misconduct." Id. at 920.

This is a case of willful misconduct. The plaintiff's behavior has prejudiced the defendants by requiring their attorneys, at substantial cost to the defendants, to attend a hearing which the plaintiff flagrantly failed to attend. In addition, the plaintiff's misconduct has significantly interfered with the judicial process. The plaintiff has refused to acknowledge my authority. He has ignored my order to appear in court for a hearing, and he has ignored my Order to Show Cause. Instead of moving this case forward on its merits, I am forced to address the plaintiff's

unfounded arguments and contumacious behavior.

The plaintiff is obviously culpable. He does not dispute that he was ordered to attend the hearing or that he was ordered to show cause for his failure to appear at the hearing. In addition, he was warned that failure to show cause for not appearing at the hearing would result in my recommendation to the district judge that this case be dismissed.

In addition, the plaintiff's failure to appear at the hearing on the *Motion re Non-Parties*, failure to respond to the Order to Show Cause, and the arguments made in the *Appeal* are further frivolous acts in a pattern of abusive and frivolous conduct by the plaintiff. See Order [Doc. # 29, filed 4/13/06] (finding plaintiff's motions to strike to be frivolous; and Order [Doc. # 44, filed 4/19/06] (same).

A sanction less than dismissal with prejudice would not be effective. The plaintiff has blatantly ignored unambiguous Court orders and warnings and refused to participate in these proceedings as ordered. Instead of showing cause for his failure to attend a court ordered hearing, the plaintiff attacked the court's integrity. His conduct shows a total lack of respect for the court and the judicial system. Dismissal with prejudice is the only effective sanction.

In summary, I find that under the specific facts of this case, the aggravating factors of the plaintiff's misconduct outweigh the judicial system's strong predisposition to resolve cases on the merits. The plaintiff has failed to show cause why this case should not be dismissed for lack of prosecution and failure to comply with orders of this Court.

I respectfully RECOMMEND that this action be DISMISSED WITH PREJUDICE for the plaintiff's for lack of prosecution and failure to comply with orders of this Court.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated June 2, 2006.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge