IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 06-cv-00089-WDM-BNB

DAN YATES,

    Plaintiff,

v.

ANGELA ARKIN, in her individual and official capacities;
MARY J. MULLARKEY, in her official capacity;
DOUGLAS COUNTY, a municipality;
DORIS TRUHLAR, an individual;
TRUHLAR AND TRUHLAR, LLC, a Colorado law firm;
ELODE BRODBECK, an individual;
THE CHILD AND FAMILY CENTER, INC., a Colorado corporation;
CLAIRE PURCELL, in her individual and professional capacities; and
LOUISE YATES, an individual,

    Defendants.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

This matter is before me on the recommendation of Magistrate Judge Boyd N. Boland, issued June 5, 2006, that this case be dismissed with prejudice as a sanction for plaintiff Dan Yates's lack of prosecution and failure to comply with court orders. Yates filed a timely objection to the recommendation, entitled "Fourth Appeal to Judicial Officer Exercising Article III Jurisdiciton [sic] on Case Number 06-CR-0089-WDM (BNB) under 28 U.S.C. § 636 and F.R.C.P. 72." 28 U.S.C. § 636(b).

I have reviewed *de novo* the pertinent portions of the record, including Magistrate Judge Boland's minute order setting the May 19, 2006 motions hearing, the

order to show cause issued May 30, 2006, the May 31, 2006 "Appeal to Judge Walker D. Miller," the recommendation, and Yates's objection.

In reviewing the recommendation, I have paid particular attention to Magistrate Judge Boland's analysis of the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). In normal cases, a *pro se* parties' failure to appear for a single court appearance may not amount to conduct sanctionable by dismissal. In this case, however, Yates has filed documents that the court has deemed frivolous, as discussed in the recommendation, has failed to appear as ordered, and has repeatedly challenged Magistrate Judge Boland's authority to conduct proceedings and enter orders in this case.

Instead of responding to the order to show cause by explaining his failure to appear for the May 19 hearing, Yates filed an "Appeal to Judge Walker D. Miller for Order to Show Cause Why Magistrate Boyd N. Boland Should Continue to Act Outside the Limited Authority Conferred by 28 U.S.C. § 636." In this document, Yates contends that Magistrate Judge Boland lacked authority under 28 U.S.C. § 636 to issue the May 31, 2006 order to show cause. Yates refers to my "wrongful delegation" of authority to Magistrate Judge Boland, as well as my "maladministration" of this case. Yates also filed a "Reservation of Rights Pursuant to Article III" in which he continues to object to the delegation of authority to Magistrate Judge Boland and seems to take the position that the court has preempted his litigation and attempted to coerce admissions from him through entry of a proposed scheduling order.

Attached to his objection, and also filed separately, is a letter to the court in

which Yates questions the validity of various local rules of this Court, reiterating his position that Magistrate Judge Boland lacks authority to act in his case.  In his objection Yates relies on irrelevant portions of section 636 to argue that Magistrate Judge Boland has not followed proper procedure in this case.[1]  He also misreads Local Rule 1.1F which, contrary to his argument, clearly defines "judicial officer" to mean district judge or magistrate judge.

Given Yates's willful refusal to submit to the lawful authority delegated to Magistrate Judge Boland in this case, I agree with the recommendation that dismissal is a proper sanction under the *Ehrenhaus* factors.  Although I also agree that dismissal with prejudice may be appropriate, I will make it without prejudice in the hope that Yates will carefully consider whether there is any legal merit to his claims before filing another lawsuit.  If he does, he should proceed in accordance with law and the rules of this Court.[2]

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Boland, issued June 5, 2006, is accepted as modified herein.

---

[1] Yates cites § 636(e)(6)(B) for the proposition that a magistrate judge must certify facts to a district judge.  This section of the statute pertains to certifications of criminal contempt and does not control the actions covered by § 636(b) and (c).

[2] I also disagree that Yates has failed to prosecute this case.  Although he failed to appear for the motion hearing, he has responded to the various motions to dismiss and he did respond to the order to show cause, albeit by an appeal to me.  I therefore focus solely on Yates's willful failure to obey court orders as a basis for the dismissal.

2. This case is dismissed without prejudice pursuant to D.C.Colo.LCivR 41.1 for plaintiff Dan Yates's failure to comply with court orders.

DATED at Denver, Colorado, on July 31, 2006.

BY THE COURT:

s/ Walker D. Miller
United States District Judge